BOARD OF SUPERVISORS OF THE COUNTY OF LIVINGSTON
*et al.*

*v.*

GEORGE F. DART.

VENDOR AND PURCHASER — *forfeiture and re-sale* — *conclusive as to origi-
nal contract.*  Where a vendor of land has properly declared a forfeiture of
the contract, for non-performance on the part of the vendee, and made a re-
sale of the premises to a third person, he can not afterward waive the for-
feiture so declared and restore the original contract so as to give it any
force as against the second purchaser.

WRIT OF ERROR to the Circuit Court of Livingston county;
the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. A. E. HARDING, for the plaintiffs in error.

Mr. JOHN CLARK, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the
Court:

On the 31st of March, 1858, the county of Livingston, by
the county judge, executed to one Minnear, a contract for the
sale of certain swamp lands.  By the conditions of the contract,
the purchaser was to drain the land, and improve one-tenth
annually, and to pay interest annually on the purchase money,
which was to be paid in full at the end of five years.  Upon
final payment the purchaser was to have a deed.  The contract
provided for forfeiture of all rights under the contract and all
money paid, in case of failure by the purchaser to keep the con-
ditions of the sale.  Under this contract only the first year's

interest was paid and about ten acres were improved to December, 1862, when the county again sold the land to Patrick and William Henneberry, to whom a similar contract was given, they paying at the time one year's interest. On the 14th day of October, 1863, the board of supervisors of the county passed an order authorizing all purchasers holding old contracts, who had failed to comply with their conditions, to enter into new contracts within sixty days, by paying back interest upon a reduced valuation of the land. By virtue of this order, Dart, the defendant in error, in December, 1863, applied to the county for a renewal of the Minnear contract, which he claimed to have purchased in September, 1863. The county refused, on the ground that the land had been sold to Patrick and William Henneberry after the forfeiture of the Minnear contract. In June, 1865, Dart, who was in possession of the land and had improved the same, filed his bill to have the Henneberry contract canceled and his own established. In January, 1866, Patrick and William Henneberry assigned their contract to Lonergan, who immediately paid to the county the amount due, and the county made him a deed. Dart thereupon amended his bill, made Lonergan a party, and asked that the title be conveyed to him, offering to pay whatever might be due. The circuit court so decreed.

The defendant in error has filed no argument in support of this decree, and we do not see how it can be sustained. If the county had not declared a forfeiture of the Minnear contract, by selling the land to Patrick and William Henneberry, and thus given to the latter rights which the county could not control, the order of the board of supervisors, in October, 1863, would have placed Dart in a position where he could have insisted on his contract. But the county, having re-sold the land to the Henneberries, and received the first year's interest, could not, as against them, re-establish the Minnear contract. As against itself it might waive the forfeiture, but not as against its vendees. Their rights the county could not affect, except as provided in the contract. Indeed, it is not

probable the board of supervisors designed its resolution should apply to cases where the land had been re-sold in consequence of a forfeiture of the first contract, and it can not be so construed. As against the Henneberries or their assignee, the position of Dart is what it would have been if no such resolution had been passed. By the sale to them the county extinguished the Minnear contract, as it had a right to do, and, as against them, can.not revive it. They have the superior equity, and the county having conveyed the legal title to their assignee, there it must be suffered to remain. The decree must be reversed and cause remanded.

*Decree reversed.*